**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**GREG HARRISON, ET AL**                     **CASE NO. 2:20-CV-01199**

**VERSUS**                                   **JUDGE TERRY A. DOUGHTY**

**PHILLIPS 66, ET AL**                       **MAGISTRATE JUDGE KATHLEEN KAY**

**MEMORANDUM RULING**

This matter involves a Motion to Dismiss/Motion for Summary Judgment or Alternatively Motion to Stay [Doc. No. 6] filed in the above proceeding by Westlake Chemical Corporation ("Westlake"). An Opposition was filed by Plaintiffs on October 14, 2020 [Doc. No. 16]. A Reply was filed by Westlake on October 21, 2020 [Doc. No. 17]. For the reasons set forth herein, the Motion to Dismiss [Doc. No. 6] filed by Westlake against Marc Rachal, Marc Rigmaiden, and Willis Williams is GRANTED and the claims by those plaintiffs are DISMISSED WITHOUT PREJUDICE. Westlake's Motion to Dismiss filed as to the claims of Greg Harrison, Brian Thomas, Skipper Thomas, Jr., Damon Ryan, Brian Bilbo, and John LaSalle is GRANTED and their claims are DISMISSED WITH PREJUDICE. Westlake's Motion for Summary Judgment and Motion to Stay [Doc. No. 6], are DENIED AS MOOT.

**I.      BACKGROUND**

On August 3, 2020, Plaintiffs, Greg Harrison ("Harrison"), Brian Thomas ("Thomas"), Skipper Thomas, Jr. ("Thomas, Jr.") Damon Ryan ("Ryan"), Brian Bilbo ("Bilbo"), John LaSalle ("LaSalle"), Marc Rachal ("Rachal"), Marc Rigmaiden ("Rigmaiden") and Willis Williams ("Williams") filed a civil action in the Fourteenth Judicial District Court in the Parish of Calcasieu, State of Louisiana, Docket Number 2020-2990, Fourteenth Judicial District Court. The petition for damages filed in Calcasieu Parish alleges injuries to Plaintiffs for damages caused by

Defendants, Phillips 66 and Westlake as a result of toxic chemicals being released on August 22, 2018.  [Doc. No. 1, Exh. A].  A Notice of Removal [Doc. No. 1] was filed and the matter was removed to this Court on September 16, 2020.

The problem, according to Westlake, is that these claims have been made by all nine of the Plaintiffs in other proceedings.  Westlake maintains that the identical claims of Rachal, Rigmaiden, and Williams are currently pending in Suit No. 2:19-CV-1091 and that these claims should be dismissed as duplicative.  Westlake also argues  that the claims of Harrison, Thomas, Thomas, Jr., Ryan, Bilbo, and LaSalle should be dismissed with prejudice as the exact same claims have previously been dismissed by this Court on the basis of prescription in other proceedings. [Doc. No. 6].  Westlake raises the defense of *res judicata* to the claims of Harrison, Thomas, Thomas, Jr., Ryan, Bilbo and LaSalle.

In order the evaluate these claims, it is necessary to take a look at the parties and cause of action in the present and the other proceedings

## A.      Present Proceeding 2:20-1199

The state court action in suit number 2:20-1199 was filed in the Parish of Calcasieu on August 3, 2020.  The suit involved nine Plaintiffs,  Harrison, Thomas, Thomas, Jr., Ryan, Bilbo, LaSalle, Rachal, Rigmaiden, and  Williams.  The Calcasieu Parish matter was removed to this Court on September 16, 2020.  The defendants in this proceeding are Westlake and Phillips 66.  The suit is for damages allegedly sustained by plaintiffs as a result of an August 22, 2018 explosion/power surge at the SASOL-Lake Charles Complex, which caused toxic chemicals to be released.

## B.      Suit Number 2:19-1091

This suit was filed by LaSalle, Rachal, Rigmaiden, and Williams on August 20, 2019.  The

original Defendants were Sasol North America ("Sasol"),   Civil Construction Co.,   & Environmental Services ("Civil Construction"), Phillips 66 ("Phillips"), and Westlake.  [Doc. No. 20].   By Order dated November 15, 2019, both Sasol and Civil Construction were voluntarily dismissed.  [Doc. No. 28].   After that, the only remaining Defendants in this proceeding were Phillips 66 and Westlake.  A motion to dismiss on prescription was filed by Westlake Chemical Corporation on November 8, 2019. [Doc. No. 24].  A judgment [Doc. No. 41] adopting a previous Report and Recommendation [Doc. No. 37], was adopted on April 24, 2020, which granted the motion to dismiss on prescription as to John LaSalle.  The claims of all Plaintiffs in suit no. 2:19-1091 also involve claims for damages as a result of the August 22, 2018 power surge/explosion at the SASOL-Lake Charles facility which caused toxic chemicals to be released.

### C.   Suit Number  2:19-1092

This suit was filed on August 20, 2019 by three Plaintiffs, Harrison, Thomas, and Thomas, Jr.  The defendants in the proceeding were Turner Industries Group ("Turner Industries"), Sasol, Phillips 66, and Westlake.  The allegations in this complaint alleged damages from chemicals released as a result of a power surge/explosion which occurred on August 22, 2018, at the SASOL-Lake Charles facility.

The claims against Turner Industries and Sasol were dismissed by judgment granting a voluntary dismissal on November 19, 2019 [Doc. No. 23].   Therefore, the only remaining defendants in the proceeding were Phillips 66 and Westlake.  On January 6, 2020, Judge James D. Cain, Jr. granted Westlake's motion to dismiss on the basis of prescription. [Doc. No. 33].

### D.   Suit Number 2:19-1095

The complaint in this proceeding was filed on August 20, 2019 by Ryan and Bilbo against Defendants, Sasol, Cajun Industries, LLC ("Cajun"), Phillips 66, and Westlake.  The suit made the

same allegations as the previous suits, alleging damages as  result  of an August 22, 2018 power surge/explosion at the SASOL-Lake Charles facility which caused toxic chemicals to be released. Sasol and Cajun were dismissed from the proceeding by judgment dated November 25, 2019 [Doc. No. 28], and, dated November 22, 2019 [Doc. No. 27].  Therefore, the only remaining Defendants in this proceeding were Westlake and Phillips 66.

A  motion to dismiss the claims against Westlake [Doc. No. 29] was granted and a judgment entered dismissing the Plaintiffs claims against Westlake, with prejudice, on the basis of prescription, on January 6, 2020.  [Doc. No. 34]

## II.    CLAIMS OF RACHAL, RIGMAIDEN, AND WILLIAMS

Westlake moves to dismiss the claims of  Rachal, Rigmaiden and Williams  as duplicative. These claims  are pending in Suit Number 2:19-1091.  They are also pending in this proceeding. The claims are identical in each case.  Westlake moves to dismiss the claims of Rachal, Rigmaiden, and Williams  in this case as they will be allowed to proceed in Suit Number 2:19-1091.  This Court agrees.  Under the first-to-file rule, when related cases are pending before two federal courts, the Court in which the case  was last filed  may refuse to hear it if the issue is raised by the cases substantially overlap.  *Save Power Ltd. v. Syntek Fin. Corp.* 121 F.3d 947 (5th Cir. 1997).

Plaintiffs do not oppose dismissal of the claims of Rachal, Rigmaiden, and Williams in this proceeding on that basis.  Therefore, this Court GRANTS Westlake's motion to dismiss the claims of Mark Rachal, Marc Rigmaiden, and Willie Williams, without prejudice.

## III.    CLAIMS OF HARRISON, THOMAS, THOMAS, JR., RYAN, BILBO AND LASALLE

The claims of the remaining  Plaintiffs are more complicated.  The claims of Harrison, Thomas, Thomas, Jr., Ryan, Bilbo and LaSalle were previously dismissed, with prejudice, on the basis of prescription.  All previous claims by these six plaintiffs in the previous proceedings  were

identical to the ones being made in this proceeding.  Westlake maintains that all six Plaintiffs claims must be dismissed pursuant to the doctrine of *res judicata*.

In order for the doctrine of *res judicata* to apply to a case, four elements must be met as follows:  (1) the parties to both actions are identical;  (2) the judgment in the first action was rendered by a court of competent jurisdiction;  (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits.  *Ellis v. Amex Life Ins. Co.,* 211 F.3d 935 (5th Cir. 2000).

### 1.      The Parties to Both Actions are Identical.

Plaintiffs argue that the parties were not identical as there are other parties named as defendants in the proceeding beside Westlake and Phillips 66.  However, claims against the other defendants (other than Westlake and Phillips 66) were voluntarily dismissed.  At the time the motion to dismiss on the basis of prescription was granted in each case in favor of Westlake, the only defendants in the case were Westlake and Phillips 66.  The Plaintiffs are the same parties and the defendants are the same, to-wit, Westlake and Phillips 66.  This Court finds that the parties to both actions are identical.

### 2.      The Judgment in the First Action was Rendered by a Court of Competent Jurisdiction.

Plaintiffs maintain that this element is not met because Westlake and Phillips 66 filed motions initially on the basis that there was no diversity jurisdiction.  However, that issue was cured by plaintiffs' dismissal of non-diverse defendants.  At the time the motions to dismiss on the basis of prescription filed by Westlake were granted, each of the Courts was a court of competent jurisdiction.  Therefore, this Court finds that the judgment in the first action was rendered by Court of competent jurisdiction in each of the three proceedings.

### 3.      The First Action Concluded with a Final Judgment on the Merits

Plaintiffs do not dispute this element.  When a dismissal is based on a statute of limitations and specifically, Louisiana's prescription articles, the judgment is on the merits and satisfies the requirements of *res judicata*.  *Ellis v. AmEx Life Insurance Company* 211 F.3d 935 (5th Cir. 2000).  Therefore, the first action concluded with a final judgment on the merits.

### 4.      The Same Claim or Cause of Action is Involved in Both Suits

Plaintiffs maintain the causes of action are different since the plaintiffs were not aware exactly who had released the chemicals and therefore, they have alleged a new cause of action in this proceeding since they have made more specific claims against Westlake and Phillips 66 than in the prior cases.  This Court disagrees.  The cause of action of each plaintiff is based upon on the same August 22, 2018 incident in which a power surge/explosion occurred at the SASOL-Lake Charles facility which caused toxic chemicals to be released and damaged the plaintiffs.  This Court can find no substantial difference in the allegations made by the plaintiffs in the first three suits than in the present suit.  Therefore, this Court finds that the same claim or cause of action is involved in both proceedings.  All four elements of *res judicata* have been met.

## IV.    WAS *RES JUDICATA* PROPERLY RAISED?

In its opposition, Plaintiffs argue that *res judicata* is only appropriately raised in a motion for summary judgment or pleaded as an affirmative defense, citing *Pike v. Office of Alcohol and Tobacco Control,* 157 F. Supp. 3d 523 (M.D. La. 2015).  However, as pointed out by Westlake, the *Pike v. Office of Alcohol and Tobacco Control* decision also makes clear that, dismissal under Rule 12(b)(6) on *res judicata* grounds is appropriate when the elements of *res judicata* are apparent on the face of the pleadings.  That is the case here.  Even if that were not the case, Westlake also

moved for summary judgment.  Therefore, the *res judicata* defense has been properly raised by Westlake in this case.

## V.      CONCLUSION

For the reasons set forth herein, Westlake's Motion to Dismiss is GRANTED as to the claims of Marc Rachal, Marc Rigmaiden, and Willis Williams and said claims against Westlake are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Westlake's Motion to Dismiss is GRANTED as to the claims of Greg Harrison, Brian Thomas,  Skipper Thomas, Jr., Damon Ryan, Brian Bilbo and John LaSalle, and said claims are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA this 27th  day of October, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE