UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GREG HARRISON, ET AL.** | : | **CASE NO. 2:20-CV-01199** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **PHILLIPS 66, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATIONS**

Before the court is Phillips 66 Company's Motion to Dismiss/Motion for Summary Judgment or, Alternatively, Motion to Stay. Doc. 10. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated in below, which reference this court's Memorandum Ruling (Doc. 18) regarding the identical motion of Westlake Chemical Corp., **IT IS RECOMMENDED** that Phillips 66 Company's motion to dismiss be **GRANTED.**

**I.**
**DISCUSSION**

Phillips 66's request for relief pertains to two plaintiff groups. As to the first group, Phillips 66 seeks dismissal pursuant to Fed. R. Civ. Proc. 12 and 56 of the claims of plaintiffs, Greg Harrison, Brian Thomas, Skipper Thomas, Jr., Damon Ryan, Brian Bilbo, and John Lasalle. Phillips 66 argues that the merits of the claims of these plaintiffs have been adjudicated by this court and found prescribed and, as such, *res judicata* is applicable. As to the second group, Phillips 66 seeks dismissal or stay of the claims of plaintiffs Marc Rachal, Marc Rigmaiden, and Willis

Williams. Phillips 66 argues that the claims of the second group are duplicative of claims asserted in *LaSalle v. Sasol N. Am.*, 2:19-cv-1091, and therefore should be dismissed as duplicative or stayed so that *LaSalle* may move forward.

Plaintiffs filed an opposition memorandum (Doc. 16), and movant filed a reply memorandum (Doc. 17). In opposition briefing, the Plaintiffs referenced the pending appeal to the United States Court of Appeals, Fifth Circuit in related matters. An appellate ruling has been issued in the referenced appeal, affirming the ruling of this court. *Ryan v. Phillips 66*, 838 Fed. Appx. 832, 836 (5th Cir. 2020).

In its motion and memorandum in support (Docs. 10, 12), Phillips 66 incorporates by reference the motion and memorandum filed by its former co-defendant Westlake Chemical Corp. ("Westlake"). Docs. 6, 6-1. Via Memorandum Ruling (Doc. 18), this court granted the relief requested by Westlake in its counterpart motion. Doc. 6. Because Phillips 66 now makes arguments identical to those made by Westlake, and because the reasoning of the memorandum ruling (Doc. 18) equally applies to Phillips 66's arguments as to Westlake's, it is recommended that the motion be granted for the reasons set forth in the memorandum ruling. Doc. 18.

## II.
### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that defendant Phillips 66 Company's Motion to Dismiss (Doc. 10) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the claims of Marc Rachal, Marc Rigmaiden and Willis Williams be **DISMISSED WITHOUT PREJUDICE**, as duplicative of other claims pending before this court.

**IT IS FURTHER RECOMMENDED** that the claims of Greg Harrison, Brian Thomas, Skipper Thomas, Jr., Damon Ryan, Brian Bilbo, and John LaSalle against Phillips 66 be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Phillips 66 Company's Motion for Summary Judgment and Motion to Stay (Doc. 10) be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429-30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 6th day of May, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

Case 2:20-cv-01199-TAD-KK   Document 20   Filed 05/07/21   Page 4 of 4 PageID #: 152